[Crim. No. 597. In Bank.—December 5, 1899.]

### Ex parte JAMES KNAPP on Habeas Corpus.

Void County Ordinance—Unreasonable Restriction as to Transporting Game—Habeas Corpus.—A county ordinance forbidding the shipment or transportation of game from the county which has been lawfully killed therein is an unreasonable and oppressive restriction in restraint of trade, and in violation of the rights of private property, and is invalid and void; and a person convicted thereunder must be discharged upon *habeas corpus.*

Id.—Unreasonable Discrimination.—An ordinance intended to discriminate in favor of sportsmen, and against all other persons in respect of the disposition of game lawfully killed, is not a proper exercise of police power. [Per Temple, J., Van Dyke, J., and Harrison, J.]

HABEAS CORPUS in the Supreme Court to review the validity of a conviction in the Justice's Court for violation of an ordinance of Stanislaus County. D. L. Smith, Justice of the Peace.

The facts are stated in the opinion of the court.

V. G. Frost, for Petitioner.

TEMPLE, J.—This is an application for a discharge from custody made on behalf of James Knapp, who was arrested, tried, and convicted upon a charge of violating an ordinance

of the county of Stanislaus. The ordinance declares, in effect, that it shall be a misdemeanor for anyone to hunt, kill, or destroy certain game with intent to transport, or to cause the same to be transported, without the county; or to offer the same to any person for the purpose of shipping or carrying the same without the county. It also declares that every railroad or transportation company, their agents and servants, who shall transport such game without the county shall be guilty of a misdemeanor.

The prisoner was charged with willfully and unlawfully offering for transportation by Wells, Fargo & Co., from the town of Newman, in Stanislaus county, to San Francisco, two wild ducks which were killed in Stanislaus county.

Serious question has been made as to the power of any county board of supervisors to add either restraints or regulations, to the right to take and kill wild game, to those made by the legislature. We do not find it necessary for the purposes of this case to decide that question. If such further restrictions upon the right to kill game may be made by county boards, such regulations must be reasonable, not oppressive to any class, and must not contravene any established policy of the state. Presumably, the two ducks were lawfully taken by James Knapp in Stanislaus county. It is not charged that they were hunted or killed for the purpose of being transported without the county, though such fact, if it existed, would not have changed the result. Having taken the game lawfully and at a time when it is lawful for anyone to shoot ducks, the ordinance prohibiting their shipment is an unreasonable interference with the right of private property, and an unnecessary restraint of trade. The statutes of the state in regard to game prohibit the offering for sale of game during the time it is unlawful to kill such game. (Stats. 1897, p. 90.) The state regulations upon this particular subject seem complete, and restrict the rights of citizens so far as was necessary to prevent the unlawful killing of game.

It was stated on the argument, substantially, that the ordinance was aimed at "pot-hunters." I understand this phrase covers all except sportsmen. Relatively, a small part of the community only are sportsmen. A law or ordinance which would

discriminate in their favor would not be a proper exercise of the so-called police power.   If that be the manifest or admitted purpose of the ordinance, it is void for that reason also.

The prisoner is discharged.

Van Dyke, J., and Harrison, J., concurred.

McFarland, J., concurred in the judgment.

BEATTY, C. J., concurring.—I concur in the judgment on the first ground discussed by Justice Temple.   The people of the state being the owner of its wild game, it may be conceded that the state legislature could annex any condition it chose to the privilege of taking it, but a county ordinance forbidding all persons, under penalty, to transport game lawfully taken to the place where they desire to use or dispose of it is violative of the right of private property, as defined and regulated by general law, and necessarily invalid.